UNITED STATES DISTRICT COURT
NORTHERN TEXAS DISTRICT
DALLAS DIVISION

| | |
|---|---|
| JUSTIN DUNLAP,<br><br>Plaintiff,<br><br>v.<br><br>MTU MAINTENANCE DALLAS, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)   Case No.:<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S COMPLAINT WITH DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, JUSTIN DUNLAP ("Plaintiff" or "Dunlap"), and files his Complaint against Defendant, MTU MAINTENANCE DALLAS, INC. ("Defendant" or "MTU"), and states the following:

**NATURE OF THE CLAIMS**

1. This is an action for monetary damages and injunctive relief, pursuant to Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq.* (hereinafter the "ADA"); and the Texas Commission on Human Rights Act, 1.3.3 Article 5221K, *et seq.* (hereinafter the "TCHR") to redress Defendant's unlawful employment practices against Plaintiff, including discrimination, harassment, and retaliation due to his disability.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction of the ADA claim herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights.

1

3. This Court has supplemental jurisdiction over the TCHR claims pursuant to 28 U.S.C. §1367, as this action also involves state law question regarding deprivation of Plaintiff's civil rights.

4. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including Defendant's unlawful employment practices alleged herein, occurred in this District.

## THE PARTIES

5. Plaintiff, Dunlap, is a citizen of the United States, and is and was at all times material, a resident of the state of Florida, but worked for and reported to Defendant in Texas.

6. Plaintiff reported to Defendant's offices located at 615 Westport Pkwy., #600, Grapevine, Texas 76051.

7. Defendant, MTU, is a Texas, For-Profit Company with its headquarters located at 615 Westport Pkwy., #600, Grapevine, Texas 76051.

8. Defendant is an employer as defined by all laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

9. Plaintiff has complied with all statutory prerequisites to filing this action.

10. On May 27, 2020, Plaintiff dual-filed a claim with the Equal Employment Opportunity Commission ("EEOC") and the Texas Workforce Commission ("TWC"), against Defendant, satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e).

11. Plaintiff's EEOC charge was filed within three hundred days after the alleged unlawful employment practices occurred.

12. On November 30, 2020, the EEOC issued to Plaintiff a Notice of Right to Sue against Defendant.

13. This complaint was filed within ninety days of the issuance of the EEOC's Right to Sue letter.

## FACTUAL ALLEGATIONS

14. Plaintiff began his employment with Defendant in January 2020.

15. At the time Plaintiff's employment was terminated he held the position of Aviation Maintenance Mechanic.

16. While employed by Defendant, Plaintiff satisfactorily performed the job requirements of Plaintiff's position.

17. Plaintiff was a full-time employee who regularly worked or exceeded forty (40) hours per week.

18. Plaintiff is disabled disability.

19. At all times relevant, Defendant was aware of Plaintiff's disability.

20. Plaintiff had a physical impairment that substantially limited one or more of his major life activities.

21. Plaintiff was subjected to disparate treatment and discrimination due to his disability with regards to the terms and conditions of his employment.

22. Similarly situated non-disabled employees were treated more favorably than Plaintiff during his employment.

23. From approximately February 21, 2020 through March 12, 2020, Plaintiff was working for Defendant in Germany.

24. On March 12, 2020 Defendant informed Plaintiff and seven other employees who were stationed in Germany that they would need to return home and self-quarantine for fourteen (14) days, due to the COVID-19 pandemic.

25. Defendant informed Plaintiff and the other employees that the company-imposed quarantine would end on March 26, 2020 and they would return to work in Grapevine, Texas on March 27, 2020.

26. Plaintiff followed Defendant's instructions and returned to his home in Lake Worth, Florida to self-quarantine for fourteen (14) days.

27. While he was quarantined, Defendant assigned Plaintiff certain job tasks. Plaintiff promptly informed Defendant that he did not have access to the necessary files to complete the assignments as given to him due to the company-imposed quarantine.

28. On March 25, 2020 Plaintiff suffered a serious neck injury while in company-imposed quarantine.

29. Plaintiff immediately called Art Hutton, Operations Manager, and informed him of the injury and that Plaintiff would likely require a brief medical leave of absence.

30. Plaintiff was seen by a physician and diagnosed with a popped disk and a pinched nerve.

31. Plaintiff's physician instructed him to remain out of work for the rest of the week.

32. Plaintiff's injury substantially limited his major life activities, including, but not limited to, walking, standing, bending, concentrating, communicating, caring for himself, and working.

33. Plaintiff called Mr. Hutton following his injury and the following day to update Mr. Hutton on his condition and request a reasonable accommodation in the form of a brief medical leave.

34. Plaintiff provided Mr. Hutton a copy of the physician's note via text message.

35. Plaintiff informed Mr. Hutton that due to his disability he would not be able to drive from Florida to Texas that to arrive at Defendant's Grapevine, Texas location by March 27, 2020.

36. Defendant failed to engage in the interactive process with Plaintiff.

37. Defendant then unlawfully terminated Plaintiff due to Plaintiff's disability and in retaliation for Plaintiff's reasonable request for accommodation in the form of a brief leave of absence.

38. Plaintiff has been damaged by Defendant's illegal conduct.

39. Plaintiff has had to retain the services of undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

## Count I: Disability Discrimination in Violation of the ADA

40. Plaintiff re-alleges and adopts, as it fully sets forth herein, the allegations stated in Paragraphs 1-39 above.

41. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA.

42. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

43. Defendant is prohibited under the ADA from discriminating against Plaintiff because of Plaintiff's medical condition regarding discharge, employee compensation, and other terms, conditions, and privileges of employment.

44. Defendant violated the ADA by unlawfully terminating and discriminating against Plaintiff based on Plaintiff's medical condition.

45. Defendant intentionally discriminated against Plaintiff on the basis of Plaintiff's medical condition.

46. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

47. Defendant's unlawful conduct in violation of the ADA is outrageous and malicious, intended to injure Plaintiff, and has been done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

## Count II: Retaliation in Violation of the ADA

48. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-39 above.

49. Plaintiff engaged in protected activity under the ADA on more than one occasion while employed by Defendant.

50. Defendant engaged in intentional retaliation against Plaintiff for Plaintiff's participation in protected activity.

51. Defendant's conduct violated the ADA.

52. Defendant intentionally retaliated against Plaintiff for engaging in protected activity under the ADA by involuntarily terminating Plaintiff's employment.

53. Defendant's conduct violates the ADA.

54. Plaintiff has satisfied all statutory prerequisites for filing this action.

55. Defendant's discriminatory conduct, in violation of the ADA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which Plaintiff is entitled to damages.

56. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling Plaintiff to compensatory damages.

57. Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling Plaintiff to punitive damages.

**Count III: Disability Discrimination in Violation of the TCHR**

58. Plaintiff re-alleges and adopts, as it fully sets forth herein, the allegations stated in Paragraphs 1-39 above.

59. At all times relevant to this action, Plaintiff whereas a qualified individual with a disability within the meaning of the TCHR.

60. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

61. Defendant is prohibited under the TCHR from discriminating against Plaintiff because of Plaintiff's medical condition with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

62. Defendant violated the TCHR by unlawfully terminating and discriminating against Plaintiff based on Plaintiff's medical condition.

63. Defendant intentionally discriminated against Plaintiff on the basis of Plaintiff's medical condition.

64. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the TCHR, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

65. Defendant's unlawful conduct in violation of the TCHR is outrageous and malicious, intended to injure Plaintiff, and has been done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

### Count IV: Retaliation in Violation of the TCHR

66. Plaintiff re-alleges and adopts, as it fully sets forth herein, the allegations stated in Paragraphs 1-39 above.

67. Plaintiff engaged in protected activity under the TCHR on more than one occasion while employed by Defendant.

68. Defendant engaged in intentional retaliation against Plaintiff for Plaintiff's participation in protected activity.

69. Defendant's conduct violates the TCHR.

70. The Plaintiff has satisfied all statutory prerequisites for filing this action.

71. Defendant's discriminatory conduct, in violation of the TCHR, has caused the Plaintiff to suffer a loss of pay, benefits, and prestige for which Plaintiff is entitled to damages.

72. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling plaintiff to compensatory damages.

73. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's statutorily protected rights, thereby entitling Plaintiff to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, liquidated damages, and prejudgment interest thereon;

b) Grant Plaintiff costs and an award of reasonable attorneys' fees (including expert fees); and

c) Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:

**/s/ Gary Martoccio**
Gary Martoccio
Texas Bar Number: 24108958
**Spielberger Law Group**
4890 W. Kennedy Blvd., Suite 950
Tampa, Florida 33609
T: (800) 965-1570
F: (866) 580-7499
Gary.Martoccio@spielbergerlawgroup.com

*Counsel for Plaintiff*